UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    DIANA KAYE GENTRY,                        Case No. 09-36472-dof
                                                                           Chapter 7 Proceeding
               Debtor.                                  Hon. Daniel S. Opperman
_____/

Opinion Denying Creditor, Barbara Duggan's,
Fed. R. Bank. 3008 Motion for Reconsideration

       The Creditor, Barbara Duggan, filed a Motion for Reconsideration of the Court's Order dated December 7, 2012, overruling the objection of Ms. Duggan to the proof of claim of First National Bank of Howell. The Motion for Reconsideration was filed within fourteen (14) days after the entry of the December 7, 2012, Order and is therefore governed by Federal Rule of Bankruptcy Procedure 9023 and Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1.

       Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.

1

2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

Ms. Duggan argues that this Court's decision allowing the proof of claim of First National Bank of Howell and overruling her objection is premature because of various actions taken by Ms. Duggan to question the transfers of property to and from the Debtor. The Court has carefully reviewed the statements made by Ms. Duggan, as well as reviewed the adversary proceedings and other actions referenced by her in her Motion for Reconsideration.

The Court is not persuaded that Ms. Duggan has stated any basis for this Court to reconsider its previous Order. The various adversary proceedings referenced by Ms. Duggan are all directed to other parties and, if successful, will result in recovery of money from those parties. If the actions are not successful, then there was no basis for this Court to sustain the objection of Ms. Duggan. In short, it appears to this Court that if Ms. Duggan is correct as to her allegations of improper transfers, then other parties will be responsible for damages for those transfers. If not, then no good cause exists for this Court to sustain her objection.

Accordingly, Ms. Duggan's Motion for Reconsideration is denied.

Not for Publication

**Signed on March 05, 2013**

           **/s/ Daniel S. Opperman**
      **Daniel S. Opperman**
      **United States Bankruptcy Judge**

2